ARBITRATION, CLOSED

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:07-cv-01013-WY

| | |
|---|---|
| ALLEN-ANDERSON v. MORRIS, JAMES, HITCHENS & WILLIAMS, LLP | Date Filed: 03/14/2007 |
| | Date Terminated: 07/02/2007 |
| Assigned to: HONORABLE WILLIAM H. YOHN, JR | Jury Demand: Both |
| Cause: 29:2601 Family Medical Act of 1993 | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **VERONICA ALLEN-ANDERSON** | represented by | **JOSEPH G. MANTA** |
| | | 41 E. OAKLAND AVE., STE. 2 |
| | | DOYLSTOWN, PA 19312 |
| | | 215-836-2453 |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **MARK J. MANTA** |
| | | MANTACOLE |
| | | PRINCETON CORPORATE CENTER |
| | | |
| | | 5 INDEPENDENCE WAY |
| | | SUITE 300 |
| | | PRINCETON, NJ 08540 |
| | | 609-514-5179 |
| | | Email: markmanta@mantacole.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **MORRIS, JAMES, HITCHENS & WILLIAMS, LLP** | represented by | **MICHAEL J. OSSIP** |
| | | MORGAN LEWIS & BOCKIUS LLP |
| | | 1701 MARKET STREET |
| | | PHILADELPHIA, PA 19103 |
| | | 215-963-5761 |
| | | Fax: 215-963-5001 |
| | | Email: mossip@morganlewis.com |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2007 | 1 | COMPLAINT against MORRIS, JAMES, HITCHENS & WILLIAMS, |

| | | |
|---|---|---|
| | | LLP ( Filing fee $ 350 receipt number 937683.), filed by VERONICA ALLEN-ANDERSON.(tj, ) Additional attachment(s) added on 4/24/2007 (jpd, ). (Entered: 03/14/2007) |
| 03/14/2007 | | Summons Issued; 1 Mailed to counsel 3/14/07 as to MORRIS, JAMES, HITCHENS & WILLIAMS, LLP. (tj, ) (Entered: 03/14/2007) |
| 03/14/2007 | | DEMAND for Trial by Jury by VERONICA ALLEN-ANDERSON. (tj, ) (Entered: 03/14/2007) |
| 03/20/2007 | 2 | ORDER THAT THE ABOVE CAPTIONED MATTER IS HEREBY REFERRED TO ARBITRATION. SIGNED BY JUDGE WILLIAM H. YOHN JR. ON 3/20/07. 3/20/07 ENTERED AND COPIES MAILED AND E-MAILED (jpd) (Entered: 03/20/2007) |
| 05/02/2007 | 3 | WAIVER OF SERVICE Returned Executed by VERONICA ALLEN-ANDERSON. MORRIS, JAMES, HITCHENS & WILLIAMS, LLP waiver sent on 4/13/2007, answer due 6/12/2007. (jpd, ) Additional attachment(s) added on 7/3/2007 (jpd, ). (Entered: 05/02/2007) |
| 06/12/2007 | 4 | Disclosure Statement Form pursuant to FRCP 7.1 with Certificate of Service by MORRIS, JAMES, HITCHENS & WILLIAMS, LLP.(OSSIP, MICHAEL) (Entered: 06/12/2007) |
| 06/12/2007 | 5 | *Defendant's Answer and Affirmative Defenses* ANSWER to Complaint *to Plaintiff's Complaint* by MORRIS, JAMES, HITCHENS & WILLIAMS, LLP.; Jury Demand, Certificate of Service. (OSSIP, MICHAEL) Modified on 6/13/2007 (nd). (Entered: 06/12/2007) |
| 06/12/2007 | 6 | MOTION to Transfer *Venue to the United States District Court for the District of Delaware* filed by MORRIS, JAMES, HITCHENS & WILLIAMS, LLP.Proposed Order; Memorandum and Certificate of Service. (Attachments: # 1 Affidavit Affidavit of David H. Williams) (OSSIP, MICHAEL) (Entered: 06/12/2007) |
| 06/29/2007 | 7 | Memorandum in Opposition re 6 MOTION to Transfer *Venue to the United States District Court for the District of Delaware* filed by VERONICA ALLEN-ANDERSON, CERTIFICATE OF SERVICE. (MANTA, MARK) Modified on 7/2/2007 (afm, ). (Entered: 06/29/2007) |
| 07/02/2007 | 8 | ORDER THAT THE DEFENDANTS MOTION TO TRANSFER IS GRANTED AND THIS ACTION IS HEREBY TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE. SIGNED BY JUDGE WILLIAM H. YOHN JR. ON 7/2/07. 7/3/07 ENTERED AND COPIES MAILED AND E-MAILED. (jpd) (Entered: 07/03/2007) |
| 08/02/2007 | | Original record together with certified copy of docket entries forwarded to District of Delaware. (jpd) (Entered: 08/02/2007) |

**PACER Service Center**

| Transaction Receipt | | |
|---|---|---|
| 08/08/2007 09:02:25 | | |
| **PACER Login:** | ud0037 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-01013-WY |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

MANTACOLE, LLC
Mark J. Manta, Esquire
Princeton Corporate Center
5 Independence Way, Suite 300
Princeton, NJ 08540
(609) 514-5179
Attorney (s) for Plaintiff

VERONICA ALLEN-ANDERSON,
      119 Falcon Lane
      Wilmington, DE 19808

     Plaintiff,

     v.

MORRIS, JAMES, HITCHENS, &
WILLIAMS, LLP
      500 Delaware Ave, Ste 1500
      Wilmington, DE 19801

     Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF EASTERN
PENNSYLVANIA

DOCKET NO. _____

Civil Action

**COMPLAINT AND JURY DEMAND**

Plaintiff, Veronica Allen-Anderson, by and through her undersigned counsel, MANTACOLE, residing in Wilmington, Delaware, County of New Castle, by way of Complaint against the Defendant states the following:

## INTRODUCTION

1.     Plaintiff asserts claims against Defendant based on the Family and Medical Leave Act, *29 U.S.C. § 2601 et seq.* ("FMLA").

## PARTIES

2.      Plaintiff, Veronica Allen-Anderson, is now, and at all times mentioned was and continues to reside at 119 Falcon Lane, Wilmington, Delaware, in New Castle County.

3.      Defendant Morris, James, Hitchens, & Williams, LLP (sometimes referred to herein as "Morris James") is a Delaware law firm with approximately 131 employees. It has two offices in the Wilmington area: an office in Newark, Delaware and an office in Dover, Delaware.

## JURISDICTION

4.      Plaintiff asserts claims based on the FMLA.

5.      Therefore, this action arises under the laws of the United States, and this court has subject matter jurisdiction of the action under 28 U.S.C. § 1331.

## VENUE

6.      Venue is proper pursuant to 28 U.S.C. § 1391(c). Upon information and belief, the Defendant regularly conducts business in the Eastern District of Pennsylvania.

## FACTUAL ALLEGATIONS

7.      Ms. Anderson began working with Defendant, Morris James in March 2002 on a contract basis as a night word processor and back-up litigation secretary.

8.      In 2003, Morris James offered Ms. Anderson a position as a regular full-time employee to be effective January 1, 2004. Ms. Anderson accepted and worked with Morris James until her wrongful termination in August 2005.

9.      In February 2005, Ms. Anderson began ongoing medical treatment for an intense gastro-intestinal condition. During this time period, Ms. Anderson was absent from work due to incapacity from her illness and due to related appointments with her health care providers for treatment of her condition. Morris James was aware that Ms. Anderson was out due to illness.

10.     As of February 2005, Ms. Anderson had been employed by Morris James for at least 12 months and for at least 1,250 hours of service during the previous 12-month period. As such, she was an eligible employee under the FMLA.

11.     Section 2611(4) of the FMLA defines "employer" to include any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

12.     Defendant Morris James is an employer for purposes of the ADA, and upon information and belief, regularly conducts business in the Eastern District of Pennsylvania.

13.     On or about March 22, 2005, Ms. Anderson had a meeting with Carol Folt, the human resource manager of Morris James. At that meeting, Ms. Anderson requested a reduced work schedule.

14.     Ms. Anderson explained that she required the reduced work schedule in order to address her own serious medical condition as well as the serious medical condition of her adolescent son.

15.     Section 2611(11)(B) of the FMLA defines a serious health condition to include an illness, injury, impairment, or physical or mental condition that involves continuing treatment by a health care provider.

16.    Ms. Anderson's gastro-intestinal condition required continuing treatment by a health care provider and, thus, qualified as a serious health condition under the FMLA. Similarly, Ms. Anderson's son had an asthmatic condition which required continuing treatment by a health care provider.  Hence, he too had a serious health condition under the FMLA.

17.    In April 2005, Morris James denied Ms. Anderson's request for a reduced work schedule stating that granting a part-time work schedule would be a deviation from the firm's policy.

18.    Morris James did not provide Ms. Anderson with any paperwork or verbal information regarding her rights under the FMLA.  Furthermore, there was no information in the Morris James employee handbooks concerning FMLA entitlements and employee obligations under the FMLA.

19.    Defendant denied Plaintiff a substantive right guaranteed by the FMLA -- the right to take a medical leave.

20.    Ms. Anderson subsequently learned of her rights under the FMLA through her family members and her health care providers.  She submitted a May 24, 2005 FMLA certification to Morris James.

21.    Ms. Anderson received a May 31, 2005 email memorandum from Ms. Folt indicating that Morris James would change [Ms. Anderson's] payroll records effective 6-1-05 to reflect [Ms. Anderson's] temporary, voluntary reduction in work hours for the months June-July-Aug 2005."

22.    In her response to Ms. Folt's email memorandum, Ms. Anderson indicated that it was not her intention to move to part-time status.  Instead, she wanted to retain full-time

status under FMLA and use the disability income replacement that Morris James offered to its employees.

23.     Because Ms. Anderson was wrongfully denied FMLA leave from March 22 through June 1, 2005, she was forced to fit appointments for medical treatment for herself and her son into a full-time work schedule. This had a negative impact on her record for attendance and punctuality at Morris James.

24.     Ms. Anderson received a September 13, 2005 letter from Carol Folt terminating Ms. Anderson's employment with Morris James.

## COUNT I

### Interference with Rights Under Family and Medical Leave Act

25.     Paragraphs 1 through 27 are incorporated herein by reference as if fully set forth.

26.     Section 2612(a)(1)(D) of the FMLA entitles an "eligible employee . . . to a total of 12 workweeks of leave during any 12 month period," "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

27.     An eligible employee is also entitled to FMLA leave in order to care for a son who has a serious health condition.

28.     Section 2612(b)(1) of the FMLA indicates that leave may be taken intermittently or on a reduced leave schedule when medically necessary for planned and/or unanticipated medical treatment of a related serious health condition by or under the supervision of a health care provider. Intermittent leave may include leave of periods from an hour or more to several weeks. Eligible employees may also take intermittent FMLA leave to provide care to an immediate family member with a serious health condition.

29. To ensure employees are aware of their FMLA rights and responsibilities, the regulations interpreting the FMLA require employers to notify their employees of their FMLA entitlements and obligations. 29 C.F.R. § 825.301.

30. If the information is not included in written manuals or handbooks distributed to employees, the employer must provide written guidance to an employee concerning all the employee's rights and obligations under the FMLA within a reasonable time after notice of the need for leave is given by the employee--within one or two business days if feasible.

31. An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the FMLA.

32. By not providing Ms. Anderson with information about her rights under the FMLA shortly after the March 22, 2005 meeting, Defendant failed to satisfy its requirements for notifying Plaintiff of her FMLA entitlements and obligations.

33. By denying Ms. Anderson's March 2005 request for a reduced work schedule, Defendant denied and otherwise interfered with Ms. Anderson's substantive rights under the FMLA.

WHEREFORE, Plaintiff demands judgment against defendant for all damages recoverable under the FMLA including back pay, front pay, compensatory damages and punitive damages, damages for emotional distress, loss of income, loss of benefits, together with statutory damages and attorneys fees, interest, costs and such other and further relief as this Court deems just.

## COUNT II

### Retaliation under the Family and Medical Leave Act

34.     Paragraphs 1 through 35 are incorporated herein by reference as if fully set forth.

35.     Section 2615(a)(1)-(2) of the FMLA prohibits an employer from discharging or discriminating against an employee because she engages in activity protected by the FMLA.

36.     Morris James initially denied Ms. Anderson leave to which she had a right under the FMLA. Morris James then discharged Ms. Anderson due to leave she had taken under the FMLA.

WHEREFORE, Plaintiff demands judgment against defendant for all damages recoverable under the FMLA including back pay, front pay, compensatory damages and punitive damages, damages for emotional distress, loss of income, loss of benefits, together with statutory damages and attorneys fees, interest, costs and such other and further relief as this Court deems just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Mark J. Manta is hereby designated as trial counsel pursuant to the

Rules of Court.

Respectfully submitted,

*Mark Manta/son*

Mark J. Manta, Esquire
MantaCole LLC
5 Independence Way Suite 300
Princeton, NJ 08540
609 514 5179
markmanta@mantacole.com
www.mantacole.com
Attorneys for Plaintiff


Respectfully submitted,

*[signature]*

Joseph Manta, Esq.
MantaCole, LLC
41 East Oakland Avenue, Suite 2
Doylestown, PA 19312
215 836 2453
josephmanta@mantacole.com
www.mantacole.com
Attorneys for Plaintiff


Dated: March 14, 2007

## CERTIFICATION

Pursuant to Rule 4:5-1 the undersigned certifies that this matter in controversy is not the subject of any other action pending in any Court or Arbitration forum, nor is any other action or Arbitration proceeding presently contemplated and all known parties have been joined in this action.

Respectfully submitted,

Joseph Manta, Esq.
MantaCole, LLC
41 East Oakland Avenue, Suite 2
Doylestown, PA 19312
215 836 2453
josephmanta@mantacole.com
www.mantacole.com
Attorneys for Plaintiff

Dated: March 14, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERONICA ALLEN-ANDERSON | : CIVIL ACTION |
| | : |
| vs. | : |
| | : |
| MORRIS, JAMES, HITCHENS & | : |
| WILLIAMS, LLP | : NO.  07cv1013 |

O R D E R

**AND NOW**, this 19th day of March, 2007, the above-captioned matter is hereby referred to arbitration, **IT IS HEREBY ORDERED** that:

1.  The case shall proceed to disposition pursuant to Local Civil Rule 53.2.

2.  No discovery or motions, except motions in limine, will be allowed after the arbitration except upon order of the court upon good cause shown as to why the discovery or motion requested could not have been reasonably anticipated and completed prior to the arbitration.

3.  No brief filed in support of or in opposition to any motion shall exceed twenty-five (25) pages in length without prior leave of court.  Although a reply brief is discouraged and ordinarily not helpful, the moving party may file a reply brief, limited to a maximum of seven (7) pages, within five (5) business days of the filing of the opposing party's response.

4.  All motions for summary judgment or partial summary judgment shall be filed and served at least thirty (30) days prior to the arbitration date.

In addition to a brief, any party filing a motion for summary judgment or partial summary judgment shall file a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the party contends there is no genuine issue to be tried.  The party must support each of the material facts with specific citations to the underlying record, and attach a copy of the relevant portions of that record, if practicable and not already of record.  Failure to submit such a statement of material facts with citations may constitute ground for denial of the motion.

The opposing party shall file a separate, short and concise statement, responding to the numbered paragraphs in the moving party's statement, of the material facts as to which the opposing party contends there is a genuine issue to be tried and shall conform to the record citation requirements listed above.  All factual assertions set forth in the statement required to be served by the moving party shall be deemed admitted unless controverted by the statement required to be served by the opposing party.

5.  Counsel are advised that, should any party demand a trial de novo after the filing of an arbitration award, this case will be scheduled for trial immediately upon the filing of said

demand.  In that event, plaintiff's pretrial disclosure required by Fed.R.Civ.P. 26(a)(3)(A) and (C) and pretrial memorandum required by Local Civil Rule 16.1(c)(1)(2)(3)(6) and (7) shall be filed within seven (7) days of the filing of the demand for trial <u>de novo</u> and defendant's pretrial disclosure and pretrial memorandum required by the same rules shall be filed within fourteen (14) days of the filing of the demand for trial <u>de novo</u>.

6.    Any party having an objection to the admissibility of any exhibit based on authenticity or the adequacy of the qualifications of an expert witness expected to testify, shall set forth separately each such objection in their pretrial memorandum.  Such objection shall describe with particularity the ground and the authority for the objection.

7.    Should any party demand a trial <u>de novo</u> after the filing of an arbitration award, all parties are directed to advise the court within seven (7) days of the filing of the demand for trial <u>de novo</u> as to whether that party will consent to a reference of the matter to Magistrate Judge Charles B. Smith for disposition in accordance with the provisions of 28 U.S.C. § 636(c).

s/William H. Yohn Jr.
William H. Yohn Jr., Judge

2

WY

07-1013

**WAIVER OF SERVICE OF SUMMONS**

③

TO:    MANTACOLE, LLC
       Mark J. Manta, Esquire
       Joseph G. Manta, Esquire
       Princeton Corporate Center
       5 Independence Way, Suite 300
       Princeton, NJ 08540
       (609) 514-5179
       Attorney (s) for Plaintiff

**FILED**

MAY ～ 2 2007

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

I acknowledge receipt of your request that I waive service of a summons in the action of Allen-Anderson v. Morris, James, Hitchens, & Williams, LLP, which is case number 07-1013 in the United States District Court for the District of Eastern Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) to be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) is an answer or motion under Rule 12 is not served upon you within 60 days after **April 13, 2007**.

Dated:

Signature: _Michael Jos_____
Printed name: _Michael J. Joss_____
As _Attorney_____ of fer
Morris, James, Hitchens, & Williams, LLP

**DUTY OF AVOID UNNECCESSARY COSTS OF SERVICE OF SUMMONS**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of service unless good cause is shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in the improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

APPENDIX G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERONICA ALLEN-ANDERSON,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | **NO. 07-CV-1013** |
| v. | : | |
| | : | |
| **MORRIS, JAMES, HITCHENS, &** | : | **Jury Trial Demanded** |
| **WILLIAMS, LLP,** | : | |
| | : | |
| **Defendant.** | : | |

### DISCLOSURE STATEMENT FORM

Please check one box:

☒  The nongovernmental corporate party, Morris James, LLP, improperly denominated in the Complaint as "Morris, James, Hitchens, & Williams, LLP," in the above listed civil action, does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐  The nongovernmental corporate party, _____, in the above listed civil action, has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

June 12, 2007                     /s/ Michael J. Ossip _____ ___
                                  Michael J. Ossip (I.D. No. 30912)

                                  Counsel for:  Defendant Morris James, LLP

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
     (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.
     (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
          (1)  file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
          (2)  promptly file a supplemental statement upon any change in the information that the statement requires.

## <u>CERTIFICATE OF SERVICE</u>

I, Michael J. Ossip, hereby certify that a true and correct copy of the foregoing

Defendant's Disclosure Statement Form was served this 12th day of June, 2007 by first-class

mail upon:

Mark J. Manta, Esquire
MantaCole, LLC
5 Independence Way Suite 300
Princeton, NJ 08540
(609)514-5179

Joseph Manta, Esquire
MantaCole, LLC
41 East Oakland Avenue, Suite 2
Doylestown, PA 19312
(215)836-2453

Attorneys for Plaintiff

/s/ Michael J. Ossip
Michael J. Ossip (PA ID No. 30912)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **VERONICA ALLEN-ANDERSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civil Action No. 07-CV-1013** |
| | : | |
| **MORRIS, JAMES, HITCHENS, &** | : | |
| **WILLIAMS, LLP,** | : | **Jury Trial Demanded** |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Morris James, LLP, improperly denominated in the Complaint as "Morris, James, Hitchens, & Williams, LLP," (hereinafter "Morris James"), by and through its undersigned counsel, hereby answers Plaintiff Veronica Allen-Anderson's ("Plaintiff") Complaint in accordance with the numbered paragraphs therein.

1.    Morris James admits that Plaintiff purports to bring this action under the Family Medical Leave Act ("FMLA"). Morris James denies that Plaintiff is entitled to any relief under this statute.

2.    Morris James is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and accordingly, these allegations are denied.

3.    Morris James admits that it is a law firm and that as of November 29, 2005, it employed approximately 131 employees. Morris James admits that it currently has four offices, two of which are in the Wilmington, Delaware area, one of which is in Newark, Delaware, and one of which is in Dover, Delaware.

4.     Morris James admits that Plaintiff purports to bring this action under the FMLA. Morris James denies that Plaintiff is entitled to any relief under that statute.

5.     The allegations in paragraph 5 of the Complaint are conclusions of law to which no responsive pleading is required.

6.     Morris James denies that it regularly conducts business in the Eastern District of Pennsylvania. The remaining allegations in paragraph 6 of the Complaint are conclusions of law to which no responsive pleading is required.

7.     Admitted.

8.     It is admitted that Morris James offered Plaintiff a position as a regular full-time employee as of January 1, 2004. It is admitted that Plaintiff's employment with Morris James was terminated in August 2005. The remaining allegations in paragraph 8 of the Complaint are denied.

9.     Morris James is without information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint regarding Plaintiff's gastro-intestinal condition, and accordingly, these allegations are denied. The remaining allegations in paragraph 9 of the Complaint are denied.

10.     It is admitted that as of February 2005, Ms. Anderson had been employed by Morris James for at least 12 months and had worked at least 1,250 hours of service during the previous 12-month period. The remaining allegations in paragraph 10 of the Complaint are conclusions of law to which no responsive pleading is required.

11.     The allegations in paragraph 11 of the Complaint are conclusions of law to which no responsive pleading is required.

12.    Morris James denies that it regularly conducts business in the Eastern District of Pennsylvania. The remaining allegations in paragraph 12 of the Complaint are conclusions of law to which no responsive pleading is required.

13.    Morris James admits that in early 2005, Plaintiff met with Carol Folt and requested a reduced work schedule. Morris James is without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 13 regarding the exact date of the meeting, and accordingly, the allegation is denied.

14.    Denied.

15.    The allegations in paragraph 15 of the Complaint are conclusions of law to which no responsive pleading is required.

16.    Morris James is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint regarding Plaintiff's gastro-intestinal condition and the asthmatic condition of Plaintiff's son, and accordingly, these allegations are denied. The remaining allegations in paragraph 16 of the Complaint are conclusions of law to which no responsive pleading is required.

17.    Morris James admits that it informed Plaintiff in April 2005 that her request for a part-time work schedule sought a deviation from Firm policy. The remaining allegations in paragraph 17 of the Complaint are denied.

18.    Denied.

19.    Denied.

20.    Morris James admits that Plaintiff submitted an FMLA certification to Morris James on or about May 26, 2005. Morris James is without information sufficient to form a belief

as to the truth of the remaining allegations in paragraph 20 of the Complaint, and accordingly, these allegations are denied.

21.     The email memorandum referenced in paragraph 21 of the Complaint speaks for itself and therefore the allegations purporting to characterize that document are deemed denied.

22.     The email memorandum referenced in paragraph 22 of the Complaint speaks for itself and therefore the allegations purporting to characterize that document are deemed denied.

23.     Morris James denies that it wrongfully denied Plaintiff FMLA leave. Morris James is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint, and accordingly, these allegations are denied.

24.     Admitted.

## COUNT I

25.     Morris James incorporates its responses to paragraphs 1 through 24 of the Complaint as if set forth fully herein.

26.     The allegations in paragraph 26 of the Complaint are conclusions of law to which no responsive pleading is required.

27.     The allegations in paragraph 27 of the Complaint are conclusions of law to which no responsive pleading is required.

28.     The allegations in paragraph 28 of the Complaint are conclusions of law to which no responsive pleading is required.

29.     The allegations in paragraph 29 of the Complaint are conclusions of law to which no responsive pleading is required.

30.     The allegations in paragraph 30 of the Complaint are conclusions of law to which no responsive pleading is required.

31.     The allegations in paragraph 31 of the Complaint are conclusions of law to which no responsive pleading is required.

32.     Denied.

33.     Denied.

## COUNT II

34.     Morris James incorporates its responses to paragraphs 1 through 33 of the Complaint as if set forth fully herein.

35.     The allegations in paragraph 35 of the Complaint are conclusions of law to which no responsive pleading is required.

36.     Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to satisfy the statutory, administrative, and/or jurisdictional prerequisites for instituting an action under the FMLA, her claims are barred.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, her claims or remedies are diminished or barred.

**WHEREFORE**, Defendant Morris James, LLP respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant reasonable attorneys' fees and costs, and such other relief as this Court may deem just and proper.

Respectfully Submitted,

/s/ Michael J. Ossip
Michael J. Ossip (PA ID No. 30912)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103

Dated: June 12, 2007                    Attorneys for Defendant Morris James, LLP

## CERTIFICATE OF SERVICE

I, Michael J. Ossip, hereby certify that a true and correct copy of the foregoing

Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint was served this 12th day

of June, 2007 by first-class mail upon:

> Mark J. Manta, Esquire
> MantaCole, LLC
> 5 Independence Way Suite 300
> Princeton, NJ 08540
> (609)514-5179
>
> Joseph Manta, Esquire
> MantaCole, LLC
> 41 East Oakland Avenue, Suite 2
> Doylestown, PA 19312
> (215)836-2453
>
> Attorneys for Plaintiff

> /s/ Michael J. Ossip
> Michael J. Ossip (PA ID No. 30912)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

VERONICA ALLEN-ANDERSON,                :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :        Civil Action No. 07-CV-1013
                                        :
MORRIS, JAMES, HITCHENS, &              :
WILLIAMS, LLP,                          :        Jury Trial Demanded
                                        :
          Defendant.                    :
_____:

### ORDER

      **AND NOW**, this _____ day of _____, 2007, upon consideration of Defendant

Morris James, LLP's Motion to Transfer Venue to the United States District Court for the

District of Delaware pursuant to 28 U.S.C. §1404(a), the Memorandum of Law in support

thereof and Plaintiffs' response thereto, it is hereby **ORDERED** that Defendant's Motion to

Transfer is **GRANTED**, and this matter is hereby transferred to the United States District Court

for the District of Delaware.

 

 

                                    _____

                                    U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERONICA ALLEN-ANDERSON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 07-CV-1013 |
| MORRIS, JAMES, HITCHENS & WILLIAMS, LLP, | : | |
| Defendant. | : | Jury Trial Demanded |

## DEFENDANT'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Defendant Morris James, LLP, improperly denominated in the Complaint as Morris, James, Hitchens, & Williams, LLP, (hereinafter "Morris James"), by its attorneys, hereby moves the Court for an order pursuant to 28 U.S.C. §1404(a) transferring this action to the United States District Court for the District of Delaware, a venue that (a) is more convenient for the parties and witnesses and (b) will better serve the interests of justice. The grounds upon which this Motion is based are as follows:

1.    28 U.S.C. §1404(a) empowers this Court to transfer an action to any district in which the action "might have been brought" if to do so would serve the "convenience of the parties and witnesses" and be "in the best interests of justice."

2.    As Morris James has four offices in Delaware and regularly conducts business in Delaware, the District of Delaware is a venue in which this action "might have been brought" because (a) that court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331, (b) Morris James resides in that district for venue purposes, (c) personal

jurisdiction would be proper in that district and (d) Morris James is amenable to process in that district.

      3.     Plaintiff's initial choice of venue is entitled to little deference because it is not her home forum and because the forum has no relationship to Plaintiff's cause of action.

      4.     Ease of access to the documentary sources of proof favors transfer, as all of the personnel and company documents pertinent to this case are located in Delaware.

      5.     The convenience of the parties and witnesses favors transfer to the District of Delaware, as (a) Plaintiff resides in Delaware; (b) Morris James resides in Delaware; (c) all Morris James employees who have information relevant to Plaintiff's allegations work in Delaware; and (d) with the exception of one employee, all such employees who have information relevant to Plaintiff's allegations reside in Delaware.

      6.     Because the alleged underlying facts in this action took place in Delaware and have no connection whatsoever to Pennsylvania, Delaware has a strong public interest in adjudicating this dispute.

      **WHEREFORE**, for the reasons stated above and the reasons contained in the accompanying Memorandum of Law, Defendant Morris James, LLP requests that this Court enter an order pursuant to 28 U.S.C. §1404(a) transferring this action to the United States District Court for the District of Delaware.

1-PH/2656408.1

Respectfully submitted,

Dated: June 12, 2007

/s/ Michael J. Ossip
Michael J. Ossip (PA ID No. 30912)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA   19103
215-963-5761

Attorneys for Defendant
Morris James, LLP

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERONICA ALLEN-ANDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-CV-1013 |
| | : | |
| MORRIS, JAMES, HITCHENS, & | : | |
| WILLIAMS, LLP, | : | Jury Trial Demanded |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF DELAWARE

# I. INTRODUCTION

On March 14, 2007, Plaintiff Veronica Allen-Anderson ("Plaintiff") initiated this action by filing a Complaint against Defendant Morris, James, Hitchens, & Williams, LLP, now known as Morris James, LLP, (hereinafter "Morris James") alleging several violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.* As Plaintiff asserts claims arising under federal law, jurisdiction is premised on 28 U.S.C. §1331. Compl. ¶ 5.

In her Complaint, Plaintiff admits that she is a resident of Wilmington, Delaware. Compl. ¶ 2. Plaintiff also admits that Morris James is a law firm with four offices, all of which are located in Delaware. Compl. ¶ 3. Moreover, all the facts giving rise to Plaintiff's claim occurred while she was working for Morris James in its Delaware Avenue office in Wilmington, Delaware. Williams Aff. ¶¶ 4-5. All of the personnel and company documents pertinent to this case are located in Morris James' Delaware Avenue office in Wilmington, Delaware. Williams Aff. ¶ 7. Morris James employees who will have information relevant to these claims also work for Morris James in Wilmington, Delaware. Williams Aff. ¶ 6. With the exception of one employee who lives in Camp Hill, Pennsylvania, all such employees also reside in Wilmington, Delaware. Williams Aff. ¶ 6.

Plaintiff has inexplicably chosen to file her Complaint in the Eastern District of Pennsylvania, despite the fact that all the parties, likely witnesses, and relevant evidence in this action are located in Delaware. The Eastern District of Pennsylvania has no connection whatsoever to this lawsuit. Therefore, as set out more fully below, this Court should transfer this action pursuant to 28 U.S.C. §1404(a) to the United States District Court for the District of Delaware for the convenience of the parties, the convenience of the witnesses and in the interests of justice.

## II.  ARGUMENT

**A.  Transfer Under 28 U.S.C. §1404(a) is Proper Because the District of Delaware is the Most Convenient and Appropriate Forum to Resolve the Claims at Issue**

Pursuant to 28 U.S.C. §1404(a), a district court may transfer an action to any other district court where the action "might have been brought" if doing so would serve "the convenience of parties and witnesses" or would be "in the interest of justice."  The transfer statute gives the district court discretion to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness'" by weighing a number of private and public interest factors.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  Where Delaware is the most convenient and appropriate forum based on these private and public interest factors, this Court has not been hesitant to grant transfer to the District of Delaware.  See, e.g., Guyton v. A.M. Gen., No. 01-CV-3883, 2001 WL 1623345, at *4 (E.D. Pa. Dec. 17, 2001) (granting a motion to transfer from the Eastern District of Pennsylvania to the District of Delaware); Harris v. Lewis, No. CIV. A. 91-5918, 1993 WL 126430, at *5 (E.D. Pa. Apr. 21, 1993) (same); Steiner v. Hercules, Inc., CIV. A. No. 90-1247, 1990 WL 97811, at *3 (E.D. Pa. July 9, 1990) (same).

### 1.  The District of Delaware is a Proper Forum

This action "might have been brought" in the District of Delaware.  The term "might have been brought" requires that "the proposed transferee court have subject matter jurisdiction, that venue would be proper there, and that the defendants be amenable to service of process issued by the transferee court."  Kendall U.S.A., Inc. v. Cent. Printing Co., 666 F. Supp. 1264, 1267 (N.D. Ind. 1987).  Because Plaintiff asserts claims arising under federal law, the District of Delaware has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

Venue in the District of Delaware is also appropriate. In an action based on federal question jurisdiction, venue is controlled by 28 U.S.C. §1391(b). Section 1391(b)(1) provides that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." Here, the only Defendant, Morris James, is a limited liability partnership. Under §1391(b)(1), the residency of a partnership for venue purposes is determined in the same manner as for a corporation. Doran v. Credit Bureau Assocs., No. 99-2470, 2000 WL 288366, at *2 (E.D. Pa. Mar. 17, 2000). A partnership is deemed to reside, therefore, in any judicial district "in which the partnership is subject to personal jurisdiction." Id.

Morris James has four offices in Delaware and it regularly conducts business in Delaware. Williams Aff. ¶ 2-3. Thus, Morris James is subject to personal jurisdiction in the District of Delaware. Also, Morris James is amenable to service of process issued by the District of Delaware. See Fed. R. Civ. P. 4(h). Therefore, the prerequisites for transfer to the District of Delaware have been met.

## 2.    The Statutory Factors Favor Transfer To the District of Delaware

Section 1404(a) lists three statutory factors that courts should consider in ruling on a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. In making this transfer determination, courts weigh a variety of private and public interests factors. These factors include: (1) plaintiff's initial choice of forum; (2) the location where the claim arose; (3) the relative ease of access to sources of proof; (4) the location of the witnesses; (5) the availability of compulsory process for attendance of unwilling witnesses; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) public interest factors including congestion of court dockets, choice of law issues, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation. See Jumara v. State Farm Ins. Co., 55 F.3d 873,

879-80 (3d Cir. 1995); Dinterman v. Nationwide Mutual Ins. Co., 26 F. Supp. 2d 747, 749 (E.D. Pa. 1998); Providian Life & Health Ins. Co. v. Cuna Mutual Ins. Society; No. Civ. A. 96-1797, 1996 WL 153212, at *3 (E.D. Pa. Mar. 29, 1996).  These factors weigh heavily in favor of transfer.

> **a.**    **Plaintiffs' Initial Choice Of Forum Is Entitled To Little Deference**

Plaintiff's initial choice of forum should be given little deference when the chosen forum is not the Plaintiff's home forum.  See Siegel v. Homestore, Inc., 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003) (explaining that "where the plaintiff chooses a forum which is not his home, his choice should be given considerably less weight"); American Littoral Society v. EPA, 943 F. Supp. 548, 551 (E.D. Pa. 1996) (finding that "when a plaintiff chooses a forum other than its home forum, the choice receives less deference").  As Plaintiff is a resident of Wilmington, Delaware, the Eastern District of Pennsylvania is not Plaintiff's home forum.  Compl. ¶ 2.  Thus, this court should give little weight to Plaintiff's choice of forum.

Moreover, as here, deference to a plaintiff's preference of forum is even further curbed "when a plaintiff's choice of forum has little connection with the operative facts of the lawsuit." Wm. H. McGee & Co. v. United Arab Shipping Co., 6 F. Supp. 2d 283, 289 (D.N.J. 1997); accord Eagle Traffic Control, Inc. v. James Julian, Inc., 933 F. Supp. 1251, 1259 (E.D. Pa. 1996) ("[C]ourts consistently hold that a '[plaintiff's] choice is deserving of less weight where none of the operative facts of the action occur in the forum selected by the plaintiff.'"); Foy v. Howe Plastics and Chem. Co., Civ. A. No. 91-3386, 1991 WL 218121, at *2 (E.D. Pa. Oct. 18, 1991) ("While a plaintiff's choice of forum is normally given great weight, that is not so when none of the operative facts of the cause of action occur in the selected forum.").  Here, the Eastern District of Pennsylvania has no connection whatsoever to this action.  Plaintiff's Complaint

alleges various FMLA violations against Morris James. However, all the factual circumstances giving rise to these allegations arose out of Plaintiff's employment with Morris James in Delaware. Williams Aff. ¶¶ 4-5. Accordingly, this factor should not weigh against transfer.

> **b.  The Location of the Material Events at Issue and Ease of Access To Sources of Proof Favor Transfer of This Action To The District Delaware**

All the events giving rise to Plaintiff's FMLA claim occurred while she was working for Morris James in its Delaware Avenue office in Wilmington, Delaware. Williams Aff. ¶¶ 4-5. Accordingly, virtually all of the personnel and company documents pertinent to this case are located in Delaware. Williams Aff. ¶¶ 7. In contrast, to Morris James' knowledge, there are no documents relevant to this lawsuit located in the Eastern District of Pennsylvania. Plaintiff is a resident of Wilmington, Delaware. Compl. ¶ 2. Thus, any relevant documents that she may have in her possession would likely be located in Delaware. Because all relevant documentary evidence is located in Delaware, this factor weighs heavily in favor of transfer. See Smith v Nicolet Instrument Corp., Civ. A. Nos. 92-0036, 92-0324, 1992 WL 78833, at *2 (E.D. Pa. Apr. 10, 1992) (transferring in part because "all of [defendant's] business records are located in the transferee district"); Foy, 1991 WL 218121, at *2 (transferring in part because "all documents relating to the contract are located in New York").

> **c.  Convenience Of The Witnesses And The Parties Weighs In Favor Of Transfer.**

The convenience of the parties and the convenience of witnesses is one of the most important factors to be considered in a motion to transfer. See Bolton v. Tesoro Petroleum Corp., 549 F. Supp. 1312, 1315 (E.D. Pa. 1982) (suggesting that "the availability and convenience of the witnesses and parties is an important consideration, perhaps the paramount consideration"). Here, both Plaintiff and Morris James are residents of Delaware. See Compl.

¶¶ 2-3. Thus, it would clearly be more convenient for both parties to litigate this case in Delaware. Although it may be more convenient for Plaintiff's attorney, who has an office in Doylestown, Pennsylvania, to try this case in Pennsylvania, that is not a factor that should be considered in a motion to transfer.

Moreover, all the facts giving rise to Plaintiff's claim occurred in Delaware, all Morris James employees who may have information relevant to Plaintiff's cause of action work in Wilmington, Delaware, and with the exception of one employee who resides in Camp Hill, Pennsylvania, all such employees also reside in Wilmington, Delaware. Williams Aff. ¶¶ 5-6. Although one potential witness resides in Pennsylvania, it would still be more convenient for that witness to litigate this case in Delaware, where the witness works. Thus, this factor also weighs heavily in favor of transfer. See United States v. Klearman, 82 F. Supp. 2d 372, 375 (E.D. Pa. 1999) (finding that "the convenience of the parties and witnesses is a factor that overwhelmingly favors transfer."); Cantor v. Caswell, Civ. A. No. 94-5517, 1994 WL 649324, at *2 (E.D. Pa. Nov. 15, 1994) (transferring in part because "most of the witnesses in the case are located in Georgia"); Smith, 1992 WL 78833, at *2 (transferring in part because "all employees who have any connection with the facts of this case are located in the transferee district").

### d.       The Public Interest Factors Also Favor Transfer.

Finally, because the alleged underlying acts took place in Delaware and have no connection whatsoever to Pennsylvania, Delaware has a strong public interest in adjudicating this action. See, e.g., Watt v. Consol. Rail Corp., Civ. A. No. 97-2203, 1997 WL 288607, at *2 (E.D. Pa. May 21, 1997) (transferring in part because the community from which the jury would have been drawn absent the transfer would have had a minimal interest in the case); Wm. H. McGee & Co., 6 F. Supp. 2d at 292 (explaining that "the location where at least some of the alleged acts occurred, would have a strong public interest in adjudicating this dispute"); Bolton,

549 F. Supp. at 1317 (finding that with respect to the public interest factors involved, it was preferable to allow "for the resolution in a local forum of matters which appear to have occurred largely in Texas"). In short, this action should be tried in the district in which it arose. See Wm. H. McGee & Co., 6 F. Supp. 2d at 292 ("New Jersey jurors should not be burdened with adjudicating a matter concerning conduct which occurred outside the state of New Jersey.").

While a plaintiff's choice of forum is generally a factor that weighs against transfer, Plaintiff's choice in this action is essentially nullified because she did not choose her home forum and her claims have no connection to her chosen forum. All of the other considerations, including the location of the parties in Delaware, the presence of witnesses in Delaware, the presence of documents in Delaware, and the local interest in resolving this action in the district where the underlying acts took place, favor transfer to the District of Delaware.

### III. CONCLUSION

For all the foregoing reasons, Defendant Morris James, LLP respectfully requests that this Court transfer this action to the United States District Court for the District of Delaware.

Respectfully submitted,

/s/ Michael J. Ossip
Michael J. Ossip (PA ID No. 30912)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA   19103
215-963-5761

Attorneys for Defendant
Morris James, LLP

## **CERTIFICATE OF SERVICE**

I, Michael J. Ossip, hereby certify that a true and correct copy of Defendant

Morris James, LLP's Motion to Transfer Venue to the United States District Court for the

District of Delaware, and accompanying Memorandum of Law, was served by first class mail,

postage prepaid this 12th day of June, 2007 upon:

> Mark J. Manta, Esquire
> MANTACOLE, LLC
> Princeton Corporate Center
> 5 Independence Way, Suite 300
> Princeton, NJ 08540
> (609) 514-5179
>
> Joseph Manta, Esquire
> MANTACOLE, LLC
> 41 East Oakland Avenue, Suite 2
> Doylestown, PA 19312
> (215)836-2453
>
>
> Attorneys for Plaintiff

/s/ Michael J. Ossip<br>Michael J. Ossip

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VERONICA ALLEN-ANDERSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-CV-1013 |
| MORRIS, JAMES, HITCHENS & WILLIAMS, LLP, | : |
| Defendant. | : Jury Trial Demanded |

## AFFIDAVIT OF DAVID H. WILLIAMS

I, David H. Williams, hereby depose and state as follows:

1.     I am the Managing Partner of Morris James LLP (hereinafter "Morris James").

2.     Morris James is a limited liability partnership with four offices in the state of Delaware, two of which are in Wilmington, one of which is in Newark, and one of which is in Dover.

3.     Morris James regularly conducts business in Delaware.

4.     Plaintiff Veronica Allen-Anderson worked for Morris James in its Delaware Avenue office in Wilmington, Delaware.

5.     The underlying facts in Plaintiff's allegation occurred while she was working for Morris James in its Wilmington, Delaware office on Delaware Avenue.

6.     All of the individuals who have information relevant to this action are Morris James employees who work in the Delaware Avenue office of Morris James in Wilmington, Delaware.  With the exception of Thomas C. Herweg, who lives in Camp Hill, PA, all such

individuals also live in Wilmington, Delaware. The names and addresses of employees who

have information relevant to this action are as follows:

Carol A. Folt
Human Resources Manager
709 Severn Rd.
Wilmington, DE 19803

Thomas C. Herweg, CLM
Executive Director
521 Penn Ayr Rd.
Camp Hill, PA 17011

Penelope L. Sheppard
HR Assistant and Benefits Coordinator
1501 Hancock St.
Wilmington, DE 19806

Liza P. Tosi
Administrative Assistant/Litigation Workflow Coordinator
1605 Mt. Salem Ln.
Wilmington, DE 19806

Edward M. McNally
Partner
106 Marcella Rd.
Wilmington, DE 19803

David H. Williams
Partner
1400 Ivy Dr.
Wilmington, DE 19803

       7.     The personnel and company documents pertinent to this action are located in

Morris James's Wilmington, Delaware office on Delaware Avenue.

Dated: June 5, 2007

_David H. Williams_
David H. Williams

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERONICA ALLEN-ANDERSON,** | : |
| | : |
| **Plaintiff,** | : |
| | : **Civil Action No. 07-CV-1013** |
| **v.** | : |
| | : |
| **MORRIS, JAMES, HITCHENS, &** | : |
| **WILLIAMS, LLP,** | : |
| | : |
| **Defendant.** | : |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF DELAWARE

## I.  Introduction

Veronica Anderson instituted this lawsuit due to violations of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 1331.  The Defendant, Morris James, Hitchens & Williams ("Morris James") is a large law firm with four offices in the state of Delaware.   Ms. Anderson tried unsuccessfully to retain counsel in Delaware. Unfortunately, the substantial presence of Morris James in the state could be responsible for Ms. Anderson's inability to retain local counsel in Delaware.  Ms. Anderson was only finally able to retain representation through MantaCole, LLC – out of state counsel.

Upon accepting Ms. Anderson's case, both Joseph Manta and Mark J. Manta attempted to retain local counsel in Delaware.  Joseph Manta contacted the following attorneys in an attempt to retain counsel:

a.   David A Bilson, Esq. of Phillips, Goldman and Spence;

b.   Gary Aber, Esq. of Aber, Goldlust, Baker & Over;

c.   Jeff Martin, Esq. of Margolis, Edelstein;

d.   Tom Neuberger, Esq.; and

e.   Martin Haverly, Esq.


Joseph Manta Aff. ¶ 5.   Mark Manta also contacted several attorneys including:

f.   Knepper & Stratton, Barbara Stratton, Esquire, 1228 N. King Street Wilmington, Delaware 19801.

g.   Laurence I. Levinson, 1326 King Street, Wilmington, Delaware,  19801.

h.   Gary W. Aber, Aber, Goldlust, Baker & Over, 702 King Street; Wilmington Delaware, 19899.

    i.   Richard R. Weir, Jr. PA, Two Mill Road, Wilmington, Delaware, 19806.

    j.   Law Offices of Dennis Bruce Phifer, PA, 1500 Shallcross Ave. Suite 2B, Wilmington, DE 19806.

Mark J. Manta Aff. ¶ 10.

Morris James is a large firm who has previously defended cases in the Eastern District of Pennsylvania.[1]  Their argument of convenience is weak due to the extremely short distance between Delaware and Pennsylvania.  By train, the ride is twenty (20) minutes, by car about thirty (30) minutes.  Defendant can hardly contend that this "location" is "inconvenient" to any party or witness.  Further, Plaintiff will suffer more than inconvenience if her case is transferred; she will suffer the loss of her counsel and the dismissal of her case.  The interests of justice would surely not be served if venue is transferred and Plaintiff is denied her day in court.  Plaintiff has chosen this forum and her choice should not be cast aside lightly.  For this and below, this Court should honor Plaintiff's choice and deny Defendant's Motion to Transfer.

## II. Argument

### Transfer is Improper Because Pennsylvania is the Forum of Plaintiff's Choice

#### 1.  Plaintiff and Plaintiff's Counsel Considered Bringing Suit in Delaware but Could Not Obtain Local Counsel

Plaintiff concedes that this matter theoretically might have been brought in the District of Delaware pursuant to 28 U.S.C. §1404(a).  However, Plaintiff had to bring suit in the Eastern District of Pennsylvania, if she were to have counsel, and "the

---

[1] Peters v. Brandywine Asset Management, 1996 U.S. Dist. LEXIS 8561; 133 Lab. Case (CCH) P58, 189 (1996).

plaintiff's choice of forum is generally entitled to great weight." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995). While Plaintiff is a resident of Delaware, several factors have influenced her need to file her complaint in the Eastern District of Pennsylvania. First and foremost, Plaintiff was unable to retain counsel in the district of Delaware. Plaintiff's counsel also attempted to retain local counsel and was equally unsuccessful. (See the Affidavits of Mark J. Manta and Joseph Manta attached as Exhibits A and B respectively).

While defense counsel makes much of the fact that Plaintiff is a resident of Delaware and Morris James' offices are located in Delaware, the court has not held this to be conclusive of where a suit must be brought. In Curry v. Weeks Marine, Inc., both parties resided in New Jersey and the injured party, Michael Curry, was treated for his injuries in New Jersey. 1998 U.S. Dist. LEXIS 3963, *3 (1998). Mr. Curry elected to bring suit in the Eastern District of Pennsylvania and the court denied the employer's motion to transfer venue to New Jersey "because it found that the balance of conveniences did not weigh so strongly in favor of transfer that the [plaintiff's] choice of forum should be disturbed." Id. In discussing the plaintiff's residence, the court stated that the fact that he was a resident of New Jersey was "not compelling." In fact, the court went on to say, "If in fact it is inconvenient for Plaintiff to come to Philadelphia, he is entitled to inconvenience himself. Id. at *7. See also Austin v. Johns-Manville Corporation, 524 F. Supp. 1166, 1169 (E.D. Pa. 1981) ("plaintiffs have the option of choosing an inconvenient forum in order to obtain counsel or for other reasons"). Id. (emphasis added). Such is the case with Ms. Anderson. She was left with little choice as to venue due to the fact that Delaware law firms were unwilling to bring a case against

4

Morris James. Her rights were violated and she was forced to seek counsel in a neighboring state. If Plaintiff is willing to travel into Pennsylvania to have her case tried, Defendant should do the same.

### 2. Changing Venue Would Cause Irreparable Harm to Plaintiff

As stated above neither Plaintiff nor Plaintiff's counsel were able to retain counsel in Delaware. Therefore, to transfer venue to Delaware would cause Plaintiff to lose the only counsel willing to argue this case and would thus lead to its dismissal. When contemplating a motion to transfer, Section 1404(a) sets out three factors that courts should consider before issuing their ruling: 1) the case could have been brought initially in the forum to which the defendant seeks transfer; 2) the proposed transfer will serve the convenience of the parties and witnesses; and 3) the proposed transfer will be in the interests of justice. 28 U.S.C.A. § 1404 (a). Plaintiff concedes the first prong and the second will be discussed *infra*. As to the third prong and the "interest of justice," surely justice would not be served if plaintiff were to lose the out of state law firm able to take her case. While the court also takes into consideration numerous private and public interests[2] when deciding such a motion, surely none of these factors would be given such

---

[2] Private interests include: 1) plaintiff's forum preference as manifested in the original choice; 2) the defendant's preference; 3) whether the claim arose elsewhere; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses – but only to the extent that the witness may actually be unavailable for trial in one of the fora and 6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). As to public interest, courts examine: 1) the enforceability of the judgment; 2) practical considerations that could make the trail easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two for a resulting from court congestion; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora and 6) the familiarity of the trial judge with the applicable state law in diversity cases. Jumara, 55 F.3d at 879-880.

substance as to outweigh the gravity of the resultant dismissal of plaintiff's case should a change in venue be granted.

### 3. Venue Should Remain in Pennsylvania in the Interest of Justice

#### a) Plaintiff's Initial Choice of Forum is Paramount in this Particular Case

In <u>Shutte v. Armco Steel Corporation</u>, the court stated that the plaintiff's preference of a forum provides the "starting point" for deciding when to order a change of venue:

> It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed. In accord with that sound doctrine, one district court recently correctly observed: "The decision to transfer is in the court's discretion, but a transfer is not to be liberally granted." The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail."

<u>Levanios' v. State Farm Mutual Automobile Insurance Company</u>, 1995 U.S. Dist. LEXIS 15336 *citing* <u>Shutte</u>, 431 F.2d 22, 25 (1970).

Courts have continuously accorded "a presumption in favor of Plaintiff's venue preference…" <u>Royal Insurance Company v. Packaging Coordinators, Inc., et al.</u> 2000 U.S. Dist LEXIS 14174, *4. The courts have repeatedly held that although there are factors that the defendant can raise to persuade the court that transfer is justified, "any slight weight in favor of transfer is counterbalanced by the deference which must be paid to Plaintiff's choice of forum." <u>Agrotors, Inc. v. Bell Helicopter Textron, Inc. and Auto Valve, Inc.</u> 2004 U.S. Dist. LEXIS 3641, *11 (2004). While the courts have held that a plaintiff's choice of forum is accorded less deference, where as in this case, the plaintiff

does not reside in the forum chosen, the Plaintiff's choice of forum "should not be lightly disturbed." See e.g. Boyd v. C & M Carriers, Inc., 2003 U.S. Dist. LEXIS 7763, at *4 (E.D. Pa. Apr. 7, 2003) (denying transfer to the Eastern District where the defendants were subject to personal jurisdiction in the Middle District, and the Middle District was both the domicile of the plaintiffs and the location of the events that gave rise to the action because a plaintiff's choice of forum should not be "lightly disturbed"); see also Bretz v. Exel Logistics, Inc., 1992 U.S. Dist. LEXIS 12903, Civ. A. No. 92-2067, 1992 WL 212343, at *2 (E.D. Pa. Aug. 26, 1992) (finding that a non-resident plaintiff's choice of forum is paramount). Id. As in Agrotors, while the deference to Plaintiff's choice of forum may be lessened in the present case, the Defendants have failed to show that this forum is so profoundly inconvenient to justify a disturbance of Plaintiff's preference.

### b) Location of Documents and Witnesses is Not an Issue Because the Present Forum is Convenient to Both Parties

Defendant argues that it would prefer to try the case in Delaware because it resides there and all relevant documents and witnesses are located in Delaware. However, defendant does not argue that to try the case in the Eastern District of Pennsylvania would be unfair or that travel to and from the court would be cost prohibitive. The location in Pennsylvania is twenty (20) minutes by train from Wilmington, Delaware to Philadelphia, PA. If Defendants were to drive to Philadelphia, it is a thirty (30) minute car ride. Further, defendants possess greater financial resources than plaintiff. See Moy v. Rose View Center, 2006 U.S. Dist. LEXIS 87757, *15. (Because the distance between the two forums is not great, convenience of documents and witnesses should not be paramount in the consideration to transfer the case.) "Courts

have deviated from the 'multi-factored balancing test where the transfer requested involves a forum which is a relatively short distance from the original forum. Instead, such courts have simply refused to consider transfer, arguing that the statute was not intended for these types of transfers." Curry *supra* at *8 citing Jumara, 55 F.3d at 880. See also 15 Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure §3854 (1986) (noting the distance between the two fora is a factor which relates "primarily to the convenience of the parties and the witnesses . . . it has been held that Section 1404(a) should not be invoked for transfer between two courts if there is only a relatively short distance between them and it can be traveled easily"). Id. Further, Plaintiff's documents and records are not voluminous and can easily be transferred to this venue. See Jumara, 55 F.3d at 879 which states that the location of books and records only supports a transfer of venue when they cannot be produced in another forum. Finally, "a mere showing of inconvenience to the defendant is not enough to warrant transfer where it would merely shift the expense and inconvenience to the other party." Busch v. Sea World of Ohio, 95 F.R.D. 336, 341 (W.D. Pa. 1982). In the present case, a transfer of venue would be more than inconvenient for plaintiff; it would cause the dismissal of her case for lack of counsel.

With regard to witnesses, Defendant states that all but one of the witnesses live in Delaware.[3] Defendant, does not, however state that these witnesses would be unavailable to testify in the Eastern District of Pennsylvania. "Generally, witnesses' inconvenience shall be considered by the Court upon allegations of unavailability, but we need not give weight to this factor in the instant matter because no one here alleges that witnesses will

---

[3] The other witness lives in Pennsylvania. Defendants Affidavit of David H. Williams, ¶6.

be unavailable in the either of the fora." <u>Agrotors</u>, *supra* at *6.  Further, because the two forums are so close, convenience is not a real issue.  "[C]onsidering the various means of transportation, the close proximity of the two districts minimizes Defendants' convenience arguments in our analysis of factors that aid our decision regarding a transfer of venue in this case."  <u>Id.</u>  Both the cost of travel for witnesses and the cost to transfer documents to this venue are *de minimus* and therefore they should not be allowed to upset Plaintiff's choice of forum.  <u>See</u> <u>Curry</u> at *10 (. . . on balance, the convenience of witnesses and the relative ease of access to sources of proof, the availability of compulsory process of unwilling witnesses and the cost of attendance at trial by willing witnesses all weigh in favor of not disturbing Plaintiff's choice of forum.)

Defendant's argument of inconvenience is simply unfounded.  A 54-minute car ride or 34-minute train ride is not prohibitive.  This short distance would not result in Defendant's witnesses being unable to testify in court nor would it cause a restraint on document production.  All of the above coupled with Plaintiff's inability to obtain counsel in Delaware weighs strongly in favor of not disrupting Plaintiff's choice of venue.

### c)  Public Interest is Served as this is a Federal Dispute and Affects Residents of All States

With regard to the public interests, enforceability of the judgment is a non-issue not even raised by Defendants.  Further, Defendants have not offered any argument that transferring the case to Delaware would lead to a less expensive or more expeditious trial.  This is a case involving a violation of federal act and therefore there is no "local interest" in deciding the matter in Delaware.  Finally, as stated by the Supreme Court in <u>Van</u>

Dusen v. Barrack, "[T]here is nothing * * * in the language or policy of §1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue." Shutte at **8 citing Barrack, 376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964).

Plaintiff's choice is paramount even when she does not choose her home forum. Defendants have not shown that their witness and documents could not be produced in the Eastern District of Pennsylvania. Nor have they demonstrated that they would incur great cost or inconvenience in producing their witness and documents in the Eastern District of Pennsylvania. Absent this showing, Defendant has failed to establish the burden necessary to displace Plaintiff's choice of forum.

## III.    Conclusion

For the foregoing reasons, Plaintiff Veronica Andersons respectfully requests that Defendant's Motion to Transfer Venue to the District of Delaware is hereby denied.

Respectfully submitted,

/s
Mark J. Manta, Esquire
MANTACOLE, LLC
Princeton Corporate Center
5 Independence Way, Suite 300
Princeton, New Jersey 08540
609-514-5179

Attorneys for Plaintiff
Veronica Anderson

EXHIBIT

A

MANTACOLE, LLC
Mark J. Manta, Esquire
Princeton Corporate Center
5 Independence Way, Suite 300
Princeton, NJ 08540
(609) 514-5179
Attorney (s) for Plaintiff

VERONICA ALLEN-ANDERSON,
   Plaintiff,

v.

MORRIS, JAMES, HITCHENS, &
WILLIAMS, LLP
   Defendant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

Civil Action

**AFFIDAVIT**
  DOCKET NO. 07-cv-1013

## AFFIDAVIT OF MARK J. MANTA, ESQUIRE

I, Mark J. Manta, hereby depose and state the following:

1) The above captioned matter was filed in March 2007.

2) In the fall of 2006, I began to look earnestly for an attorney to act as local counsel.

3) I used several sources, including attorneys I knew in Delaware, Martindale Hubbel and internet searches.

4) I don't recall which methods resulted in my contacting any specific attorney.

5) I know that I contacted more than fifteen (15) different law firms and attorneys.

6) I spent more than two days calling and speaking with potential local counsel.

7) Several times I never received a return phone call.

I sent him documents on the case and provided access to our attorney database so that he could review file materials.

13) Ultimately, we did not hear back from Attorney Haverly.

8) The attorneys who did call back, and were potentially interested, lost their interest after I told them that the Defendant was a Wilmington law firm, specifically Morris James.

9) Furthermore, I was advised by various attorneys that given the defendant's position in the Wilmington legal community, it was unlikely that I would find anyone willing to be local counsel.

10) I recall contacting the following offices:

    a.  Knepper & Stratton, Barbara Stratton, Esquire, 1228 N. King Street Wilmington, Delaware 19801.

    b.  Laurence I. Levinson, 1326 King Street, Wilmington, Delaware, 19801.

    c.  Gary W. Aber, Aber, Goldlust, Baker & Over, 702 King Street; Wilmington Delaware, 19899.

    d.  Richard R. Weir, Jr. PA, Two Mill Road, Wilmington, Delaware, 19806.

    e.  Law Offices of Dennis Bruce Phifer, PA, 1500 Shallcross Ave. Suite 2B, Wilmington, DE 19806.

11) In addition to the work I did to find local counsel, Joseph Manta, Esquire and a paralegal, Sara McMahan, also searched for an attorney in Delaware who would be willing to act as local counsel.

12) Through our efforts, one attorney Martin D. Haverly, Esquire, Two East Seventh Street, Suite 201, Wilmington, DE 19801 continued to express potential interest. I sent him documents on the case and provided access to our attorney database so that he could review file materials.

13) Ultimately, we did not hear back from Attorney Haverly.

14) I don't believe it will be possible for Veronica Anderson to find an attorney in

Delaware to represent her.

Mark J. Manta, Esquire

Notary
Sworn and Subscribed to me
This _29_ day of _June_ 2007

NOTARIAL SEAL
THERESA M. SCOTT
NOTARY PUBLIC
MONTGOMERY TWP  MONTGOMERY COUNTY
MY COMMISSION EXPIRES JANUARY 25, 2011
Member Pennsylvania Association of Notaries

3

EXHIBIT

B

MANTACOLE, LLC
Mark J. Manta, Esquire
Princeton Corporate Center
5 Independence Way, Suite 300
Princeton, NJ 08540
(609) 514-5179
Attorney (s) for Plaintiff

| | |
|---|---|
| VERONICA ALLEN-ANDERSON,<br>        119 Falcon Lane<br>        Wilmington, DE 19808 | UNITED STATES DISTRICT COURT<br>DISTRICT OF EASTERN<br>PENNSYLVANIA |
|     Plaintiff, | DOCKET NO. 07-cv-1013 |
|     v. | Civil Action |
| MORRIS, JAMES, HITCHENS, &<br>WILLIAMS, LLP<br>        500 Delaware Ave, Ste 1500<br>        Wilmington, DE 19801 | **AFFIDAVIT** |
| Defendant | |

AFFIDAVIT OF JOSEPH MANTA, ESQUIRE

I, Mark J. Manta, hereby depose and state the following:

1) The above captioned matter was filed in March 2007.

2) In the fall of 2006, I began to look earnestly for an attorney to act as local

counsel.

3) I used several sources, including contacting attorneys I knew in Delaware.

4) I contacted at least five (5) different and attorneys law firms.

5) The following is a list of some of the attorneys I contacted:

    a.  David A Bilson, Esq. of Phillips, Goldman and Spence;

    b.  Gary Aber, Esq. of Aber, Goldlust, Baker & Over;

    c.  Tom Neuberger, Esq.; and

    d.  Martin Haverly, Esq.

6)  I spent several days calling and speaking with potential local counsel.

7)  Several times I never received a return phone call.

8)  The attorneys who did call back, and were potentially interested, immediately lost their interest after I told them that the Defendant was a Wilmington law firm, specifically Morris James.

9)  In addition to the work I did to find local counsel, Mark J. Manta, Esquire and a paralegal, Sara McMahan, also searched for find an attorney in Delaware who would be willing to act as local counsel.

10) Through our efforts, one attorney expressed interest - Martin D. Haverly, Esquire, Two East Seventh Street, Suite 201, Wilmington, DE 19801.  I sent him documents on the case and provided access to our attorney database so that he could review file materials.

11) Ultimately, we did not hear back from Attorney Haverly, although we repeatedly tried to contact him.

12) I don't believe it will be possible for Veronica Anderson to find an attorney in Delaware to represent her.

_Joseph Manta, Esquire_

Notary
Sworn and Subscribed to me
This __29__ day of __July, 2007__

_Roseanne K. States_

Notarial Seal
Roseanne K. States, Notary Public
Springfield Twp., Montgomery County
My Commission Expires Jan. 16, 2011

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF EASTERN PENNSYLVANIA

VERONICA ALLEN-ANDERSON,
    119 Falcon Lane
    Wilmington, DE 19808

   Plaintiff,

   v.

MORRIS, JAMES, HITCHENS, &
WILLIAMS, LLP
    500 Delaware Ave, Ste 1500
    Wilmington, DE 19801

   Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF EASTERN
PENNSYLVANIA

DOCKET NO. 07-cv-1013

Civil Action

**CERTIFICATE OF SERVICE**

I, Mark J. Manta, of full age, do certify that:

1. I am an attorney-at-law in the State of Pennsylvania and am a partner/member of

   MantaCole, LLC, attorneys for Plaintiff in the above-captioned matter.

2. On June 29, 2007 I caused to be served via email and First Class U.S. Mail,

   Opposition to Motion for Change of Venue upon:

> Michael J. Ossip, Esq.
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA 19103

/s
Mark J. Manta, Esquire
MantaCole, LLC
5 Independence Way, Ste 300
Princeton, NJ 08540
(609) 514-5179
markmanta@mantacole.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VERONICA ALLEN-ANDERSON     : CIVIL ACTION
                                          :
                  vs.                     :
                                          :
MORRIS, JAMES, HITCHENS &     :
WILLIAMS, LLP               : NO.  07cv1013

O R D E R

**AND NOW**, this 2nd day of July, 2007, upon consideration of defendant's motion to transfer venue to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a) and plaintiff's response thereto, **IT IS HEREBY ORDERED** that the motion is **GRANTED** and this action is hereby transferred to the United States District Court for the District of Delaware.[1]



s/William H. Yohn Jr.
William H. Yohn Jr., Judge

---

[1]Plaintiff makes only two arguments against the transfer.  First, plaintiff points out that although she lives in Delaware, her choice of forum in Pennsylvania should be given deference. However, when the chosen forum is not the plaintiff's home forum, that choice is given considerably less weight.  Her second argument is that she has been unable to obtain an attorney in Delaware to represent her because she is suing a Delaware law firm.  Whether that is true or not, she has obtained the services of a Pennsylvania attorney.  Nothing would prevent him from appearing pro hac vice in Delaware.  Weighing his interest in litigating this action in the Eastern District of Pennsylvania versus the fact that plaintiff and defendant are located in Delaware, all of the documents are located in Delaware, all of the witnesses are located in Delaware except one who is located in the Middle District of Pennsylvania and all of the actions that occurred giving rise to the litigation occurred in Delaware, it is clear that these factors outweigh the interest of plaintiff's counsel in retaining the action in the Eastern District of Pennsylvania.