MANTACOLE, LLC
Mark J. Manta, Esquire
Princeton Corporate Center
5 Independence Way, Suite 300
Princeton, NJ 08540
(609) 514-5179
Attorney (s) for Plaintiff

| | |
|---|---|
| VERONICA ALLEN-ANDERSON,<br>119 Falcon Lane<br>Wilmington, DE 19808 | UNITED STATES DISTRICT COURT<br>DISTRICT OF EASTERN<br>PENNSYLVANIA |
| Plaintiff, | DOCKET NO. _____ |
| v. | Civil Action |
| MORRIS, JAMES, HITCHENS, &<br>WILLIAMS, LLP<br>500 Delaware Ave, Ste 1500<br>Wilmington, DE 19801 | **COMPLAINT AND JURY DEMAND** |
| Defendant | |

Plaintiff, Veronica Allen-Anderson, by and through her undersigned counsel, MANTACOLE, residing in Wilmington, Delaware, County of New Castle, by way of Complaint against the Defendant states the following:

## INTRODUCTION

1. Plaintiff asserts claims against Defendant based on the Family and Medical Leave Act, *29 U.S.C. § 2601 et seq.* ("FMLA").

## PARTIES

2. Plaintiff, Veronica Allen-Anderson, is now, and at all times mentioned was and continues to reside at 119 Falcon Lane, Wilmington, Delaware, in New Castle County.

3. Defendant Morris, James, Hitchens, & Williams, LLP (sometimes referred to herein as "Morris James") is a Delaware law firm with approximately 131 employees. It has two offices in the Wilmington area: an office in Newark, Delaware and an office in Dover, Delaware.

## JURISDICTION

4. Plaintiff asserts claims based on the FMLA.

5. Therefore, this action arises under the laws of the United States, and this court has subject matter jurisdiction of the action under 28 U.S.C. § 1331.

## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(c). Upon information and belief, the Defendant regularly conducts business in the Eastern District of Pennsylvania.

## FACTUAL ALLEGATIONS

7. Ms. Anderson began working with Defendant, Morris James in March 2002 on a contract basis as a night word processor and back-up litigation secretary.

8. In 2003, Morris James offered Ms. Anderson a position as a regular full-time employee to be effective January 1, 2004. Ms. Anderson accepted and worked with Morris James until her wrongful termination in August 2005.

9. In February 2005, Ms. Anderson began ongoing medical treatment for an intense gastro-intestinal condition. During this time period, Ms. Anderson was absent from work due to incapacity from her illness and due to related appointments with her health care providers for treatment of her condition. Morris James was aware that Ms. Anderson was out due to illness.

10. As of February 2005, Ms. Anderson had been employed by Morris James for at least 12 months and for at least 1,250 hours of service during the previous 12-month period. As such, she was an eligible employee under the FMLA.

11. Section 2611(4) of the FMLA defines "employer" to include any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

12. Defendant Morris James is an employer for purposes of the ADA, and upon information and belief, regularly conducts business in the Eastern District of Pennsylvania.

13. On or about March 22, 2005, Ms. Anderson had a meeting with Carol Folt, the human resource manager of Morris James. At that meeting, Ms. Anderson requested a reduced work schedule.

14. Ms. Anderson explained that she required the reduced work schedule in order to address her own serious medical condition as well as the serious medical condition of her adolescent son.

15. Section 2611(11)(B) of the FMLA defines a serious health condition to include an illness, injury, impairment, or physical or mental condition that involves continuing treatment by a health care provider.

16. Ms. Anderson's gastro-intestinal condition required continuing treatment by a health care provider and, thus, qualified as a serious health condition under the FMLA. Similarly, Ms. Anderson's son had an asthmatic condition which required continuing treatment by a health care provider. Hence, he too had a serious health condition under the FMLA.

17. In April 2005, Morris James denied Ms. Anderson's request for a reduced work schedule stating that granting a part-time work schedule would be a deviation from the firm's policy.

18. Morris James did not provide Ms. Anderson with any paperwork or verbal information regarding her rights under the FMLA. Furthermore, there was no information in the Morris James employee handbooks concerning FMLA entitlements and employee obligations under the FMLA.

19. Defendant denied Plaintiff a substantive right guaranteed by the FMLA -- the right to take a medical leave.

20. Ms. Anderson subsequently learned of her rights under the FMLA through her family members and her health care providers. She submitted a May 24, 2005 FMLA certification to Morris James.

21. Ms. Anderson received a May 31, 2005 email memorandum from Ms. Folt indicating that Morris James would change [Ms. Anderson's] payroll records effective 6-1-05 to reflect [Ms. Anderson's] temporary, voluntary reduction in work hours for the months June-July-Aug 2005."

22. In her response to Ms. Folt's email memorandum, Ms. Anderson indicated that it was not her intention to move to part-time status. Instead, she wanted to retain full-time

status under FMLA and use the disability income replacement that Morris James offered to its employees.

23. Because Ms. Anderson was wrongfully denied FMLA leave from March 22 through June 1, 2005, she was forced to fit appointments for medical treatment for herself and her son into a full-time work schedule. This had a negative impact on her record for attendance and punctuality at Morris James.

24. Ms. Anderson received a September 13, 2005 letter from Carol Folt terminating Ms. Anderson's employment with Morris James.

## COUNT I

### Interference with Rights Under Family and Medical Leave Act

25. Paragraphs 1 through 27 are incorporated herein by reference as if fully set forth.

26. Section 2612(a)(1)(D) of the FMLA entitles an "eligible employee . . . to a total of 12 workweeks of leave during any 12 month period," "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

27. An eligible employee is also entitled to FMLA leave in order to care for a son who has a serious health condition.

28. Section 2612(b)(1) of the FMLA indicates that leave may be taken intermittently or on a reduced leave schedule when medically necessary for planned and/or unanticipated medical treatment of a related serious health condition by or under the supervision of a health care provider. Intermittent leave may include leave of periods from an hour or more to several weeks. Eligible employees may also take intermittent FMLA leave to provide care to an immediate family member with a serious health condition.

29. To ensure employees are aware of their FMLA rights and responsibilities, the regulations interpreting the FMLA require employers to notify their employees of their FMLA entitlements and obligations. 29 C.F.R. § 825.301.

30. If the information is not included in written manuals or handbooks distributed to employees, the employer must provide written guidance to an employee concerning all the employee's rights and obligations under the FMLA within a reasonable time after notice of the need for leave is given by the employee--within one or two business days if feasible.

31. An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the FMLA.

32. By not providing Ms. Anderson with information about her rights under the FMLA shortly after the March 22, 2005 meeting, Defendant failed to satisfy its requirements for notifying Plaintiff of her FMLA entitlements and obligations.

33. By denying Ms. Anderson's March 2005 request for a reduced work schedule, Defendant denied and otherwise interfered with Ms. Anderson's substantive rights under the FMLA.


WHEREFORE, Plaintiff demands judgment against defendant for all damages recoverable under the FMLA including back pay, front pay, compensatory damages and punitive damages, damages for emotional distress, loss of income, loss of benefits, together with statutory damages and attorneys fees, interest, costs and such other and further relief as this Court deems just.

## COUNT II

### Retaliation under the Family and Medical Leave Act

34. Paragraphs 1 through 35 are incorporated herein by reference as if fully set forth.

35. Section 2615(a)(1)-(2) of the FMLA prohibits an employer from discharging or discriminating against an employee because she engages in activity protected by the FMLA.

36. Morris James initially denied Ms. Anderson leave to which she had a right under the FMLA. Morris James then discharged Ms. Anderson due to leave she had taken under the FMLA.

WHEREFORE, Plaintiff demands judgment against defendant for all damages recoverable under the FMLA including back pay, front pay, compensatory damages and punitive damages, damages for emotional distress, loss of income, loss of benefits, together with statutory damages and attorneys fees, interest, costs and such other and further relief as this Court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Mark J. Manta is hereby designated as trial counsel pursuant to the Rules of Court.

Respectfully submitted,

*Mark Manta/sm*

Mark J. Manta, Esquire
MantaCole LLC
5 Independence Way Suite 300
Princeton, NJ 08540
609 514 5179
markmanta@mantacole.com
www.mantacole.com
Attorneys for Plaintiff

Respectfully submitted,

*Joseph J. Manta*

Joseph Manta, Esq.
MantaCole, LLC
41 East Oakland Avenue, Suite 2
Doylestown, PA 19312
215 836 2453
josephmanta@mantacole.com
www.mantacole.com
Attorneys for Plaintiff

Dated: March 14, 2007

## CERTIFICATION

Pursuant to Rule 4:5-1 the undersigned certifies that this matter in controversy is not the subject of any other action pending in any Court or Arbitration forum, nor is any other action or Arbitration proceeding presently contemplated and all known parties have been joined in this action.

Respectfully submitted,

Joseph Manta, Esq.
MantaCole, LLC
41 East Oakland Avenue, Suite 2
Doylestown, PA 19312
215 836 2453
josephmanta@mantacole.com
www.mantacole.com
Attorneys for Plaintiff

Dated: March 14, 2007