**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VERONICA ALLEN-ANDERSON,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 07-CV-1013** |
| **MORRIS, JAMES, HITCHENS, & WILLIAMS, LLP,** | : | **Jury Trial Demanded** |
| **Defendant.** | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Morris James, LLP, improperly denominated in the Complaint as "Morris, James, Hitchens, & Williams, LLP," (hereinafter "Morris James"), by and through its undersigned counsel, hereby answers Plaintiff Veronica Allen-Anderson's ("Plaintiff") Complaint in accordance with the numbered paragraphs therein.

1. Morris James admits that Plaintiff purports to bring this action under the Family Medical Leave Act ("FMLA"). Morris James denies that Plaintiff is entitled to any relief under this statute.

2. Morris James is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and accordingly, these allegations are denied.

3. Morris James admits that it is a law firm and that as of November 29, 2005, it employed approximately 131 employees. Morris James admits that it currently has four offices, two of which are in the Wilmington, Delaware area, one of which is in Newark, Delaware, and one of which is in Dover, Delaware.

4. Morris James admits that Plaintiff purports to bring this action under the FMLA. Morris James denies that Plaintiff is entitled to any relief under that statute.

5. The allegations in paragraph 5 of the Complaint are conclusions of law to which no responsive pleading is required.

6. Morris James denies that it regularly conducts business in the Eastern District of Pennsylvania. The remaining allegations in paragraph 6 of the Complaint are conclusions of law to which no responsive pleading is required.

7. Admitted.

8. It is admitted that Morris James offered Plaintiff a position as a regular full-time employee as of January 1, 2004. It is admitted that Plaintiff's employment with Morris James was terminated in August 2005. The remaining allegations in paragraph 8 of the Complaint are denied.

9. Morris James is without information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint regarding Plaintiff's gastro-intestinal condition, and accordingly, these allegations are denied. The remaining allegations in paragraph 9 of the Complaint are denied.

10. It is admitted that as of February 2005, Ms. Anderson had been employed by Morris James for at least 12 months and had worked at least 1,250 hours of service during the previous 12-month period. The remaining allegations in paragraph 10 of the Complaint are conclusions of law to which no responsive pleading is required.

11. The allegations in paragraph 11 of the Complaint are conclusions of law to which no responsive pleading is required.

12. Morris James denies that it regularly conducts business in the Eastern District of Pennsylvania. The remaining allegations in paragraph 12 of the Complaint are conclusions of law to which no responsive pleading is required.

13. Morris James admits that in early 2005, Plaintiff met with Carol Folt and requested a reduced work schedule. Morris James is without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 13 regarding the exact date of the meeting, and accordingly, the allegation is denied.

14. Denied.

15. The allegations in paragraph 15 of the Complaint are conclusions of law to which no responsive pleading is required.

16. Morris James is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint regarding Plaintiff's gastro-intestinal condition and the asthmatic condition of Plaintiff's son, and accordingly, these allegations are denied. The remaining allegations in paragraph 16 of the Complaint are conclusions of law to which no responsive pleading is required.

17. Morris James admits that it informed Plaintiff in April 2005 that her request for a part-time work schedule sought a deviation from Firm policy. The remaining allegations in paragraph 17 of the Complaint are denied.

18. Denied.

19. Denied.

20. Morris James admits that Plaintiff submitted an FMLA certification to Morris James on or about May 26, 2005. Morris James is without information sufficient to form a belief

as to the truth of the remaining allegations in paragraph 20 of the Complaint, and accordingly, these allegations are denied.

21. The email memorandum referenced in paragraph 21 of the Complaint speaks for itself and therefore the allegations purporting to characterize that document are deemed denied.

22. The email memorandum referenced in paragraph 22 of the Complaint speaks for itself and therefore the allegations purporting to characterize that document are deemed denied.

23. Morris James denies that it wrongfully denied Plaintiff FMLA leave. Morris James is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint, and accordingly, these allegations are denied.

24. Admitted.

**COUNT I**

25. Morris James incorporates its responses to paragraphs 1 through 24 of the Complaint as if set forth fully herein.

26. The allegations in paragraph 26 of the Complaint are conclusions of law to which no responsive pleading is required.

27. The allegations in paragraph 27 of the Complaint are conclusions of law to which no responsive pleading is required.

28. The allegations in paragraph 28 of the Complaint are conclusions of law to which no responsive pleading is required.

29. The allegations in paragraph 29 of the Complaint are conclusions of law to which no responsive pleading is required.

30. The allegations in paragraph 30 of the Complaint are conclusions of law to which no responsive pleading is required.

31. The allegations in paragraph 31 of the Complaint are conclusions of law to which no responsive pleading is required.

32. Denied.

33. Denied.

**COUNT II**

34. Morris James incorporates its responses to paragraphs 1 through 33 of the Complaint as if set forth fully herein.

35. The allegations in paragraph 35 of the Complaint are conclusions of law to which no responsive pleading is required.

36. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to satisfy the statutory, administrative, and/or jurisdictional prerequisites for instituting an action under the FMLA, her claims are barred.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, her claims or remedies are diminished or barred.

**WHEREFORE**, Defendant Morris James, LLP respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant reasonable attorneys' fees and costs, and such other relief as this Court may deem just and proper.

Respectfully Submitted,

/s/ Michael J. Ossip
Michael J. Ossip (PA ID No. 30912)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

Dated: June 12, 2007

Attorneys for Defendant Morris James, LLP

**CERTIFICATE OF SERVICE**

I, Michael J. Ossip, hereby certify that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint was served this 12th day of June, 2007 by first-class mail upon:

Mark J. Manta, Esquire
MantaCole, LLC
5 Independence Way Suite 300
Princeton, NJ 08540
(609)514-5179

Joseph Manta, Esquire
MantaCole, LLC
41 East Oakland Avenue, Suite 2
Doylestown, PA 19312
(215)836-2453

Attorneys for Plaintiff

/s/ Michael J. Ossip
Michael J. Ossip (PA ID No. 30912)